CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 13 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 5:01cr30058-4 |
| ) | |
| v. ) | 2255 MEMORANDUM OPINION |
| ) | |
| ) | By: Samuel G. Wilson |
| EDWARD GALLARZA ) | United States District Judge |

Petitioner Edward Gallarza, a federal inmate proceeding pro se, filed a "motion for writ of audita querela." In his motion, Gallarza challenges his federal sentence for distributing crack cocaine. Upon review of the motion and pertinent court records, the court finds that Gallarza's claims could have been raised in a direct appeal or in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Therefore, the court construes his motion as a § 2255 motion and dismisses it as successive.

## I.

Gallarza was found guilty of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and, in January 2003, the court sentenced him to 324 months incarceration. Gallarza appealed and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. In 2005, Gallarza filed a § 2255 motion, raising several claims of ineffective assistance of counsel, which the court dismissed on its merits. See Civil Action No. 7:05cv00084. In April 2008, in light of Amendment 706 of the United States Sentencing Guidelines, the court reduced Gallarza's sentence to 262 months incarceration. In his instant motion, Gallarza claims that his sentence was improperly enhanced based on the amount of drugs for which he was held accountable.

## II.

The writ of audita querela is not available to Gallarza because the relief he seeks can be

remedied by § 2255. The writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Reyes, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). The writ is not available to an inmate when other remedies exist, such as a motion to vacate sentence under § 2255. See, e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir.2001) (citing other cases); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992) (explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C.A § 2255"). The fact that a particular prisoner was or would be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. See, e.g., In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision). Accordingly, the court construes Gallarza's motion as one under § 2255.[1]

Inasmuch as Gallarza previously challenged the same conviction and sentence by filing a § 2255 motion, see Civil Action No. 7:05cv00084, the court finds that his instant motion is successive. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Gallarza has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive §2255 motion, the

---

[1] The court is not required to give Gallarza notice of this construction of his pleading under United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002), because this action is not his first § 2255 motion.

court must dismiss his petition as successive.[2]

The Clerk of the Court is directed to send copies of this Order to the parties.

**ENTER**: This 12th day of February, 2009.

United States District Judge

---

[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.